UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KING SOLOMON,<br><br>            Plaintiff,<br><br>    v.<br><br>FNU TAPIA, FNU PRADA,<br><br>            Defendants. | Case No.  1:22-cv-01604-HBK (PC)<br><br>ORDER TO ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*<br>(Doc. No.  2)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

Plaintiff King Solomon, a state prisoner who is proceeding *pro se*, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 on December 15, 2022.  (Doc. No. 1). Plaintiff seeks leave to proceed *in forma pauperis*. (Doc. No. 2, "IFP").  The undersigned recommends Plaintiff be denied IFP status and he be required to pay the full filing fee due to having sufficient funds in his inmate account.

BACKGROUND

Plaintiff is currently confined in California State Prison, Corcoran.  In his IFP application, Plaintiff declares he is unable to pre-pay the full amount of fees and costs for these proceedings or give security and believes that he is entitled to the relief sought in his complaint.  (Doc. No. 2 at 1).  However, Plaintiff also states that he has more than $6,000.00 in his account but has "no way of giving the Court the money" unless an order directs payment.  (*Id.* at 2).  The Inmate Statement

Report attached to the application confirms Plaintiff has an available sum of $6,304.38 in his inmate account. (*Id*. at 3).

## APPLICABLE LAW

Title 28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff's "is unable to pay such fees or give security therefor." Under the PLRA, prisoners must pay the full amount of the fee. *Id*. 1915(b)(1). Thus, when a prisoner brings a civil action, he must, in addition to filing an affidavit, "submit a certified copy of the trust fund account statement . . . for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Proceeding IFP is "a matter of privilege and not right." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (abrogated on different grounds). A determination of indigency rests within the court's discretion. *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds*, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). Although an IFP applicant need not be "destitute" a showing of indigence is required. *Adkins v. E.I. DuPont de Nemours & Co*., 335 U.S. 331, 339–40 (1948) (recognizing that an ability not to be able to pay for oneself and his dependents "the necessities of life" is sufficient). Thus, a plaintiff must allege indigence "with some particularity, definiteness and certainty" before IFP can be granted. *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). Prisoners, unlike non-prisoner litigants, are in state custody "and accordingly have the 'essentials of life' provided by the government." *Taylor v. Delatoore*, 281 F.3d 844, 849 (9th Cir. 2002). The courts are inclined to reject ifp applications where an applicant can pay the filing fee with an acceptable sacrifice to other expenses. *See, e.g. Casey v. Haddad*, No. 1:21-CV-00855-SKO-PC, 2021 WL 2954009, at *1 (E.D. Cal. June 17, 2021), *report and recommendation adopted*, No. 1:21-CV-00855-DAD-SKO-PC, 2021 WL 2948808 (E.D. Cal. July 14, 2021) (finding prior balance of $1000, despite being decreased to

1  $470 shortly before filing action sufficient to pay $402 filing fee); *Riddell v. Frye*, No. 1:21-CV-
2  01065-SAB-PC, 2021 WL 3411876, at *1 (E.D. Cal. July 9, 2021), *report and recommendation*
3  *adopted*, No. 1:21-CV-01065-DAD-SAB-PC, 2021 WL 3472209 (E.D. Cal. Aug. 6, 2021)
4  (finding available balance of $1297.21 sufficient to pay $402 filing fee and denying ifp); *Allen v.*
5  *Kelly*, 1995 WL 396860 at *2 (N.D. Cal. 1995) (despite plaintiff initially being permitted to
6  proceed ifp, ordering plaintiff to pay $120 filing fee in full out of $900 settlement proceeds).

## ANALYSIS

Plaintiff does not incur expenses in prison for necessities such as sustenance, housing, and medical care.  Although the Ninth Circuit Court of Appeals has held that "the filing fee . . . should not take the prisoner's last dollar," *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995), the information provided by Plaintiff reflects that he has sufficient funds to pre-pay the $402.00 filing fee in full to commence this action and still will have adequate funds left over for any incidental personal or commissary expenses.  Indeed, Plaintiff appears to concede that that he has sufficient funds to pay the filing fee but requires a court order to have the funds deducted from his account and sent to the Court.

Based on the foregoing, the undersigned recommends that Plaintiff's motion to proceed *in forma pauperis* be denied.

Accordingly, it is **ORDERED**:

The Clerk shall randomly assign a district court judge to this case.

It is further **RECOMMENDED**:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. No. 2) be DENIED.

2. Plaintiff be required to pay the full $402.00 filing fee, absent which the Court will dismiss this action without prejudice.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:    January 3, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE