1
2
3
4
5
6
7
8                         UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11   KING SOLOMON,                          Case No. 1:22-cv-01604-NONE-HBK

12                  Plaintiff,              ORDER REFERRING CASE TO EARLY
                                            SETTLEMENT AND STAY OF CASE
13         v.
                                            DEADLINE TO OPT OUT DUE BY:
14   TAPIA,
                                            **MARCH 25, 2024**
15                  Defendant.

16

17

18

19         Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* on his First Amended

20   Complaint brought pursuant to 42 U.S.C. § 1983.  (Doc. No.  18).  As set forth in the October 27,

21   2023 Screening Order, the Court determined Plaintiff's operative complaint states a cognizable

22   Eighth Amendment excessive use of force claim against Defendant Tapia.  (Doc. No. 20).

23   Defendant answered the operative complaint on December 22, 2023.  (Doc. No. 26).

24         The Court refers all civil rights cases filed by *pro se* individuals to early settlement so that

25   the parties may attempt to resolve the case more expeditiously and less expensively.  *See also*

26   Local Rule 270.  In appropriate cases, defense counsel from the California Attorney General's

27   Office have agreed to participate in early settlement.  No claims, defenses, or objections are

28   waived by the parties' participation.

                                            1

Attempting to resolve this matter early through settlement now would save the parties the time and expense of engaging in lengthy and costly discovery and preparing substantive dispositive motions.  The Court therefore will STAY this action to permit the parties an opportunity to investigate Plaintiff's claims, meet, confer, and engage in settlement discussions or reach an agreement to participate in an early settlement conference conducted by a magistrate judge.  If, however, after investigating Plaintiff's claims, meeting, and conferring, either party finds that a settlement conference would be a waste of resources, the party may opt out of the early settlement conference.  If either party opts out of the settlement conference the Court will enter a discovery and scheduling order.

Accordingly, it is **ORDERED**:

1.      This action will remain **STAYED until further order** to allow the parties an opportunity to settle their dispute.  No pleadings or motions may be filed in this case during the stay and the parties shall not engage in formal discovery.

2.      On or before March 25,2024, the parties shall file a notice if they object to proceeding to a settlement conference or if they believe that settlement is not currently achievable.  **If either party objects to a settlement conference the Court will lift the stay and issue a scheduling and discovery order.**

3.      If neither party has opted out of settlement by the expiration of the above date, the Court will assign this matter by separate Order to a United States Magistrate Judge, other than the undersigned, for conducting the settlement conference.

4.      If the parties reach a settlement prior to the date of the settlement conference, they SHALL file a Notice of Settlement as required by Local Rule 160

Dated:   __January 16, 2024__

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2