1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KING SOLOMON,                              Case No.  1:22-cv-1604-KES-HBK (PC)

12                      Plaintiff,               ORDER GRANTING IN PART PLAINTIFF'S
                                                 MOTION TO COMPEL DISCOVERY
13          v.
                                                 (Doc. No. 37)
14    TAPIA,
                                                 ORDER DENYING PLAINTIFF'S MOTION
15                      Defendant.               FOR EXTENSION OF TIME

16                                               (Doc. No. 39)

17

18          Pending before the Court are two motions filed by Plaintiff King Solomon. The first is a

19    Motion to Compel Discovery filed on October 31, 2024.  (Doc. No. 37).  Defendants timely filed

20    an Opposition on November 19, 2024.  (Doc. No. 38).  Also pending is Plaintiff's Motion for

21    Extension of Time filed November 21, 2024.  (Doc. No. 39).  Plaintiff is a state prisoner

22    proceeding pro se and *in forma pauperis* on his First Amended Complaint against Defendant

23    Tapia.  (Doc. Nos. 19, 20).  For the reasons set forth herein, the Court grants in part Plaintiff's

24    Motion to Compel but denies his Motion for Extension of Time.

25                                     **MOTION TO COMPEL**

26          In his Motion to Compel, Plaintiff seeks an order compelling disclosure of "all reports of

27    the incedent [sic] on 2 July 2021." (Doc. No. 37 at 1).  Defendant infers that Plaintiff objects to

28    Defendant's response to his Request for Production No. 2 and seeks to compel disclosure of the

1    Adult Information Management Systems (AIMS) Inquiry Report that was prepared regarding the

2    July 2, 2021 incident.  (Doc. No. 38 at 1-2).  Defendant argues that Plaintiff's motion "should be

3    denied because Defendant provided Plaintiff with all responsive, non-confidential, and non-

4    privileged documents in his possession  [and that] Defendant . . . appropriately objected to

5    Plaintiff's requests, provided a privilege log, and a declaration in support of the privilege log."

6    (*Id*. at 1).  Further, Defendant asserts that Plaintiff's Motion is facially deficient as it does not

7    include Plaintiff's relevant discovery request(s), Defendant's response(s), or specify which, if

8    any, of Defendants' responses were inadequate and why.  (*Id*.).  To the extent the Court finds that

9    the AIMS Report should be produced, Defendant offers to produce it in both unredacted and

10   proposed redacted form for *in camera* review.  (*Id*. at 2).

11       **A.  Legal Standard**

12       Federal Rule of Civil Procedure 26 provides:

13
14
15
16
17
> parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit.

18   Fed. R. Civ. P. 26(b)(1).  Although broad, "the scope of discovery is not without limits."

19   *Compass Bank v. Morris Cerullo World Evangelism*, 104 F. Supp. 3d 1040, 1051 (S.D. Cal.

20   2015).  The Court "must limit" irrelevant, overly broad, unduly burdensome, cumulative or

21   disproportional discovery.  Fed. R. Civ. P. 26(b)(2)(C).  Whether to permit or deny discovery is

22   left to the Court's "broad" discretion. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

23       A party may request documents "in the responding party's possession, custody, or

24   control."  Fed. R. Civ. P. 34(a)(1).  The responding party must respond in writing and is obliged

25   to produce all specified relevant and non-privileged documents, tangible things, or electronically

26   stored information in its "possession, custody, or control" on the date specified.  *Id*.  If a party

27   "fails to respond" as requested under Rule 34, the propounding party may file a motion to compel

28   production of documents.  Fed. R. Civ. P. 37(a)(3)(B)(iv).  An "incomplete disclosure, answer, or

1    response must be treated as a failure to disclose, answer or respond."  Fed. R. Civ. P. 37(a)(4).

2    "The moving party bears the burden of demonstrating 'actual and substantial prejudice' from the

3    denial of discovery."  *Hasan v. Johnson*, 2012 WL 569370 *2 (E.D. Cal. Feb. 21, 2012) (citing

4    *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)).

5          The Ninth Circuit recognizes a qualified privilege for official information.  *Kerr v. U.S.*

6    *Dist. Ct. for the N. Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir.1975), aff'd, 426 U.S. 394 (1976).

7    However, "common law governmental privilege (encompassing and referred to sometimes as the

8    official or state secret privilege) . . . is only a qualified privilege, contingent upon the competing

9    interests of the requesting litigant and subject to disclosure. . .."  *Id*. at 198 (internal citations

10   omitted).  Thus, a "court must balance the government's interest in protecting official information

11   from disclosure against the plaintiff's need for the information."  *Edwards v. Cnty. of L.A.*, 2009

12   WL 4707996, at *2–3 (C.D. Cal. Dec. 9, 2009).  This balancing test is "moderately pre-weighted

13   in favor of disclosure" in civil rights cases.  *Kelly v. San Jose*, 114 F.R.D. 653, 661 (N.D. Cal.

14   1987).

15         When the official information privilege is invoked to prevent disclosure of government

16   records, courts should conduct an *in camera* review to determine whether the privileged

17   documents relevancy compels their disclosure.  *See*, e.g., *Seminara v. City of Long Beach*, 68

18   F.3d 481 (9th Cir. 1995); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033–34 (9th Cir. 1990),

19   as amended on denial of reh'g (Feb. 27, 1991), as amended on denial of reh'g (May 24, 1991)

20   (internal citations omitted) ("Government personnel files are considered official information. To

21   determine whether the information sought is privileged, courts must weigh the potential benefits

22   of disclosure against the potential disadvantages.  If the latter is greater, the privilege bars

23   discovery.").  In the past, this Court has compelled the disclosure of documents after either an *in*

24   *camera* review and redaction or subject to a protective order despite the invocation of official

25   information privilege.  *See*, e.g., *Caruso v. Solorio*, No. 1:15-CV-00780-AWI-EPG, 2018 WL

26   2254365, at *2 (E.D. Cal. May 17, 2018); *Noble v. City of Fresno*, No. 116-CV-01690-DAD-

27   BAM, 2017 WL 5665850, at *8 (E.D. Cal. Nov. 27, 2017).

28        ////

**B. Analysis**

As an initial matter, the Court agrees with Defendant that Plaintiff's Motion is facially deficient.  Under the Federal Rules of Civil Procedure and local rules of this Court, a party must confer or attempt to confer with the opposing party to resolve a discovery dispute before filing a motion to compel.  Fed. R. Civ. P. 37(a)(1); *see* Local Rule 251(b); *see also* Doc. No. 33 at 2 (apprising the parties of the meet and confer requirement).  Plaintiff does not provide any certification in his Motion that he attempted to comply with the meet and confer mandate.  (See generally Doc. No. 37).  Plaintiff's Motion also fails to specify which discovery requests are the subject of the motion to compel, which responses are disputed, why the defendant's responses are deficient, why Defendants' objections are not justified, and why the information sought is relevant to the prosecution of the action, as required to demonstrate actual prejudice from the non-disclosure.  *See Christ v. Blackwell*, 2011 WL 3847165, at *2 (E.D. Cal. Aug. 30, 2011); *Ellis v. Cambra*, 2008 WL 860523 (E.D. Cal. Mar. 27, 2008).  Accordingly, Plaintiff's Motion is facially deficient, and the Court may deny it on that basis alone.  Nonetheless, given Plaintiff's pro se status and in order to expedite the discovery in this matter, the Court will turn to the merits of the Motion.

Defendant does not deny that the AIMS report is potentially relevant to Plaintiff's claims.  And considering the Defendant's discovery response, which invokes the official information privilege, the Court finds it appropriate to review the AIMS Inquiry Report to determine whether it contains sufficiently relevant information to warrant disclosure despite the government's interest in confidentiality.  This Court has routinely compelled the disclosure of documents despite the invocation of official information privilege.  *See*, e.g., *Caruso v. Solorio*, 2018 WL 2254365, at *2 (E.D. Cal. May 17, 2018); *Noble v. City of Fresno*, 2017 WL 5665850, at *8 (E.D. Cal. Nov. 27, 2017).  The Court will therefore direct Defendants to submit the unredacted report for *in camera* review, along with the privilege log and a proposed redacted version of the report. If the Court finds that disclosure is warranted, it will do so subject to appropriate redactions.

**MOTION FOR EXTENSION OF TIME**

In his second motion, Plaintiff seeks an extension of time to an unspecified deadline.

4

1   Because Plaintiff is not currently under any court-ordered deadline, the Court cannot reasonably

2   infer on what basis Plaintiff seeks an extension of time and will therefore deny the Motion.

3        Accordingly, it is **ORDERED**:

4       1.  Plaintiff's Motion to Compel Discovery (Doc. No. 37) is **GRANTED IN PART**, as

5           set forth herein.

6       2.  Within seven (7) days of service of this Order, Defendants shall submit the AIMS

7           Confidential Inquiry Report and related exhibits for *in camera* review to the Chambers

8           email address (caeddb_orders-hbk@caed.uscourts.gov).

9       3.  Plaintiff's Motion for Miscellaneous Relief (Doc. No. 39) is DENIED.

10

11   Dated:   December 4, 2024

12                              HELENA M. BARCH-KUCHTA
                           UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28