UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KING SOLOMON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PRADA and TAPIA,<br><br>　　　　　Defendants. | Case No. 1:22-cv-01604-KES-HBK (PC)<br><br>ORDER RE: PRODUCTION OF DOCUMENTS SUBMITTED FOR IN CAMERA REVIEW<br><br>(Doc. No. 40) |

On December 4, 2024, the Court granted in part Plaintiff's Motion to Compel Discovery and ordered Defendants to submit for *in camera* review certain documents for which Defendants asserted official information privilege. (Doc. No. 40). Pursuant to that Order, Defendants submitted to the Court both redacted and unredacted documents related to the investigation, seven audio recordings, and one video recording. Upon review of the materials submitted, the Court finds that the redacted "AIMS Report" and the redacted documentary and audio-video exhibits to the investigation are sufficiently relevant to Plaintiff's claims to outweigh the government's interest in the confidentiality of those records. Thus, the Court will order Defendants to permit Plaintiff to review these materials in a secure setting but not retain the materials.

**DISCUSSION**

**A. Legal Standard**

The Ninth Circuit recognizes a qualified privilege for official information. *Kerr v. U.S.*

*Dist. Ct. for the N. Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir.1975), aff'd, 426 U.S. 394 (1976). However, "common law governmental privilege (encompassing and referred to sometimes as the official or state secret privilege) . . . is only a qualified privilege, contingent upon the competing interests of the requesting litigant and subject to disclosure . . ." *Id*. at 198 (internal citations omitted). Thus, a "court must balance the government's interest in protecting official information from disclosure against the plaintiff's need for the information." *Edwards v. Cnty. of L.A.*, 2009 WL 4707996, at *2–3 (C.D. Cal. Dec. 9, 2009). This balancing test is "moderately pre-weighted in favor of disclosure" in civil rights cases. *Kelly v. San Jose*, 114 F.R.D. 653, 661 (N.D. Cal. 1987).

When the official information privilege is invoked to prevent disclosure of government records, courts should conduct an *in camera* review to determine whether the privileged documents relevancy compels their disclosure. *See, e.g., Seminara v. City of Long Beach*, 68 F.3d 481 (9th Cir. 1995); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033–34 (9th Cir. 1990), as amended on denial of reh'g (Feb. 27, 1991), as amended on denial of reh'g (May 24, 1991) (internal citations omitted) ("Government personnel files are considered official information. To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery."). In the past, this Court has compelled the disclosure of documents after either an *in camera* review and redaction or subject to a protective order despite the invocation of official information privilege. *See, e.g., Caruso v. Solorio*, 2018 WL 2254365, at *2 (E.D. Cal. May 17, 2018); *Noble v. City of Fresno*, 2017 WL 5665850, at *8 (E.D. Cal. Nov. 27, 2017).

**B. Analysis**

Here, Defendants assert official information privilege as to the AIMS Report[1] and related records. The AIMS Report summarizes the investigating lieutenant's interviews with five inmates (including Plaintiff) and with the two correctional officer Defendants. The interviews of the four inmate-witnesses were conducted in December 2021, roughly five months after the

---

[1] The official title of the document provided is "Grievance Allegation Inquiry Report."

alleged incident giving rise to Plaintiff's claim. The Report notes that the inmates were selected because they were housed in Plaintiff's unit at the time of the incident. Each inmate-witness denied ever having seen an altercation between Plaintiff and the two Defendants, and three of them deny even recognizing Plaintiff. The two Defendants likewise deny the allegations altogether.

The Court finds the AIMS Report to have significant relevance to Plaintiff's claims, given that if true, the statements contained therein have a "tendency to make a fact [of consequence in determining the action] more *or less* probable than it would be without the evidence." *See* Fed. R. Evid. 401 (emphasis added). The fact that four presumably neutral witnesses, who were housed in Plaintiff's unit at the relevant time, deny any knowledge of the incident makes the facts alleged in Plaintiff's claim less probable and thus highly relevant to the action.

As to the government's countervailing interest in the confidentiality of official information, Defendants have redacted the Report to remove any identifying information for the inmate witnesses or other sensitive information that could threaten the security of the institution. The Court finds the redactions reasonable and that on balance the relevance of the documents outweighs Defendants' limited interest in maintaining the confidentiality of the government information. *See Sanchez*, 936 F.2d at 1033-34. Moreover, any concern about disclosure of potentially sensitive information is further mitigated by Defendants' proposal that Plaintiff only be permitted to review the documents in a secure setting, and not be permitted to retain copies of the documents. The Court finds these protective measure appropriate.

The Exhibits to the AIMS Report include seven audio interviews (of the four inmate witnesses, the two Defendants, and Plaintiff), one video interview of Plaintiff, and documentary exhibits including advisements sent to Defendants regarding the investigation and other CDCR records. The Court has reviewed the audio of the interviews conducted by the investigating lieutenant, compared them to the summaries provided in the AIMS Report, and certifies that the summaries are accurate. Nevertheless, the recordings may contain some additional information not included in the summaries. Given the obvious security concerns involved in disclosing the identity of the inmate witnesses, the Court finds the government's redactions of the entire audio

recordings appropriate, and that its interest in security and protection of inmates outweighs the limited benefit of disclosing the audio recordings of those interviews to Plaintiff. *See Sanchez*, 936 F.2d at 1033-34.

Those same security concerns are significantly less with respect to the interviews conducted with Plaintiff, Tapia, and Parra. No information posing an obvious threat to the security or privacy of the two Defendants is disclosed in their interviews. Meanwhile, the recordings may provide some additional relevant information not contained in the interview summaries. Thus, the Court finds disclosure of these recordings outweighs the government's limited interest in the confidentiality of the recordings. To the extent Plaintiff wishes to review the audio recordings of the interviews with him, Defendants Tapia or Parra, CDCR shall make the recordings, redacted if appropriate,[2] available for Plaintiff to review in a secure setting.

As to the documentary exhibits, these have been heavily redacted but nevertheless may contain some information relevant to Plaintiff's claims. Given the very limited government interest in maintaining confidentiality of the remaining unredacted information, the Court will order these redacted documentary exhibits disclosed as well, subject to the same protective measures described above.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion to Compel (Doc. No. 37) is granted in part. Within 14 days from the date of this order, Defendants shall permit Plaintiff to review the following documents withheld under the official information privilege and provided *in camera* to the Court:

    a. The redacted Grievance Allegation Inquiry Report dated December 8, 2021 regarding Grievance Log # 136737.

    b. The redacted documentary Exhibits to the Grievance Allegation Inquiry Report dated December 8, 2021.

    c. Audio recordings of the witness interviews with Plaintiff, Defendant Parra, and

---

[2] CDCR notes that it intends to redact only the name of the staff member who conducted the interview, which the Court finds appropriate.

Defendant Tapia, redacted as appropriate, and the video recording of the interview with Plaintiff.

2. The Court approves CDCR's request that Plaintiff only be permitted to review these materials in a secure setting and that he not be permitted to retain copies of any materials. To the extent Plaintiff wishes to attach any of the materials to a dispositive motion, he may seek assistance in doing so from the Litigation Coordinator at his institution.

Dated: December 11, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

5