UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KING SOLOMON,<br><br>    Plaintiff,<br><br>    v.<br><br>TAPIA,<br><br>    Defendant. | Case No. 1:22-cv-1604-KES-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 47) |

Pending before the Court is Plaintiff's Motion for Reconsideration filed on February 3, 2025. (Doc. No. 47). Plaintiff asks the Court to reconsider its January 21, 2025 Order striking Plaintiff's Motion to Compel Discovery. (*See generally Id*.). Because Plaintiff filed the motion within 28 days of the order being challenged, the Court construes the Motion as made pursuant to Federal Rule of Civil Procedure 59(e). *See* Fed. R. Civ. P. 59(e). For the reasons set forth below, the Court denies the Motion.

Federal Rule of Civil Procedure 59(e) permits a party to move a court to alter or amend its judgment. "A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (*en banc*)) (emphasis in

original). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona*, 229 F.3d at 883). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n. 5 (2008) (internal quotation marks omitted); *see also Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985); *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

On January 21, 2025 the Court struck Plaintiff's Motion to Compel as facially deficient. (Doc. No. 45). Specifically, in his the one-paragraph Motion to Compel, Plaintiff did not provide the requisite certification that he attempted to comply with the meet and confer mandate. (*See generally* Doc. No. 44). In his current Motion for Reconsideration, Plaintiff states that when he mailed the Motion to Compel to the Court, he also mailed the Motion to Compel to defense counsel, but it presumably was lost in institutional mail. (Doc. No. 47 at 1). The Court did not strike the Motion to Compel because it was not served on defense counsel. The Court struck the Motion to Compel because Plaintiff did not first attempt to resolve his discovery dispute with defense counsel <u>before</u> <u>filing</u> his Motion to Compel. Thus, Plaintiff has not shown grounds that warrant reconsideration.

Furthermore, Plaintiff fails to set forth facts showing that manifest injustice would result if the Court were to deny his motion. "Courts of the Ninth Circuit generally treat 'manifest injustice' as very nearly synonymous with 'clear error,' defining manifest injustice as any 'error in the trial court that is direct, obvious and observable, such as a defendant's guilty plea that is involuntary.'" *Greenspan v. Fieldstone Fin. Mgmt. Grp., LLC*, 2018 WL 4945214, at *20 (D. Or. Aug. 22, 2018); *see also In re Oak Park Calabasas Condominium Ass'n*, 302 B.R. 682, 683 (Banks. C.D. Cal. 2003) (citing Black's Law Dictionary 563 (7th ed. 1999)) (defining manifest injustice under Rule 59(e)). "Manifest injustice," as it pertains to Rule 59(e), is not to be used as a Trojan Horse to breach a court order for a second chance at litigating the same issue. *All. for*

2

1 | *Wild Rockies v. United States Forest Serv.*, 2020 WL 7082687, at *2 (D. Idaho Dec. 3, 2020).

2 | Plaintiff has not set forth any facts to indicate a "direct, obvious and observable" error in the trial

3 | court that would constitute manifest injustice. Thus, he fails to meet his burden to justify

4 | reconsideration of the January 21, 2025 Order on that basis.

5 |     Accordingly, it is **ORDERED**:

6 |     Plaintiff's Motion for Reconsideration (Doc. No. 47) is DENIED.

8 | Dated:   March 24, 2025

9 |     HELENA M. BARCH-KUCHTA
    UNITED STATES MAGISTRATE JUDGE